IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 12, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

GRAYSON COTES,                    )
                                 )
                    Plaintiff,   )
                                 )
v.                               ) Civil Action No. 7:25-cv-00635
                                 )
ALLEGIS GROUP, INC.,             )
                                 )
                    Defendant.   )

## ORDER

All non-dispositive and dispositive pretrial motions and issues in this case were referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A)–(B). Judge Memmer filed a report and recommendation on May 21, 2026 (Dkt. 36), recommending that Plaintiff Grayson Cotes's motion for leave to amend (Dkt. 27) be granted in part and denied in part; that Cotes be granted 14 days to file a motion for leave to file a second amended complaint, along with a proposed second amended complaint; that Cotes's motion for contempt (Dkt. 28) be denied; and that Defendant Allegis Group, Inc.'s motion to dismiss (Dkt. 9) be denied as moot. Allegis filed an objection to the R&R (Dkt. 37) and the matter is now ripe for consideration.

Allegis's objection is overruled. Having reviewed the report and recommendation, I adopt the report and recommendation as amended by this Order.

## I.    BACKGROUND

I adopt the recitation of facts and procedural background as set forth in the R&R.

## II.    DISCUSSION

### A.  Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

"Under Rule 15 of the Federal Rules of Civil Procedure, a 'court should freely give leave [to amend] when justice so requires.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile." *Id.* "A proposed amendment is futile when it is clearly insufficient or frivolous on its

face . . . [or] if the claim it presents would not survive a motion to dismiss." *Save Our Sound*

*OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019).

### B. Analysis

Defendant objects to the following aspects of the R&R:

1. The R&R erred by finding that Plaintiff's allegations are sufficient to satisfy a claim under the Virginia Whistleblower Protection Law for his alleged wage-related complaints.

2. The R&R erred by failing to deny Plaintiff further leave to amend his complaint because he failed to include Aerotek, Inc. as a Necessary Party under Rule 19(a) as a defendant in this litigation.

3. The R&R erred by failing to deny Plaintiff further leave to amend his complaint because his Title VII and Virginia Human Rights Act claims would be subject to dismissal under Rule 12(b)(6).

I have conducted a careful de novo review of Defendant's objections, the record, the R&R, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the magistrate judge's findings of fact and conclusions of law, and that the magistrate judge's decision is in accord with relevant case precedent.

### III.     CONCLUSION

As such, it is hereby **ORDERED** that:

1. Defendant's objection to the R&R, Dkt. 37, is **DENIED**.

2. The Magistrate Judge's Report and Recommendation, Dkt. 36, is **ACCEPTED** and **ADOPTED** except that Plaintiff will have 21 days from entry of this Order to file a

motion for leave to file a second amended complaint, along with a proposed second amended complaint, if he wishes to pursue Counts 1–3 against Allegis or any claims against Aerotek.

3. Plaintiff's motion to amend is **GRANTED in part** and **DENIED in part**.

4. The Clerk is directed to docket the Proposed Amended Complaint at Dkt. 27-1 as the operative Amended Complaint. The Clerk shall mail Plaintiff a summons and USM-285 form, which Plaintiff is directed to complete and return to the court. Upon receipt of the completed summons and USM-285 form, the Clerk will issue a summons. If the completed summons and USM-285 form are not submitted within 14 days, the complaint may be dismissed. The United States Marshal is ordered to serve the summons with a copy of the complaint and this Order on the new defendant, Altec Industries Inc.

5. Defendant's motion to dismiss is **DENIED** as moot.

Entered:  June 12, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge